UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andres G. Lora and Marta A. Lora, fka Martha A. Argueta, | Civ. No. 13-2916 (DSD/JJK) |
| Plaintiffs, | |
| v. | |
| Wells Fargo Bank, N.A., and all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

Andres C. Lora and Marta A. Lora, *pro se* Plaintiffs.[1]

Charles F. Webber, Esq., and Jessica Z. Savran, Esq., counsel for Defendant Wells Fargo Bank, N.A.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

In this action, Plaintiffs Andres G. Lora and Marta A. Lora seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims: (1) a quiet-title claim—i.e., a claim to determine adverse claims under Minn. Stat. § 559.01; (2) a claim for a declaratory judgment; and (3) a claim of

---

[1] On January 14, 2014, the Court suspended William B. Butler, attorney for Plaintiffs, from the practice of law in this District effective December 26, 2013. (Civ. No. 13-mc-49 (MJD) (Doc. No. 10).) As of the date of this Report and Recommendation, no other attorney has appeared on behalf of Plaintiffs.

slander of title.  This matter is before the Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1, on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo's") Motion to Dismiss (Doc. No. 6).  This Court took the matter under advisement on the papers submitted on January 24, 2014.  (Doc. No. 16.)  For the reasons below, this Court recommends that Wells Fargo's Motion to Dismiss be granted and Plaintiffs' claims be dismissed with prejudice.

## FACTS

Plaintiffs reside in and are in possession of real property located at 1012 Hawthorne Avenue East in St. Paul, Minnesota ("the Property").  (Doc. No. 1, Compl. ¶ 1.)  Plaintiffs acquired their interest in the property via warranty deed in 1994.  (*Id.* ¶ 2.)  On July 28, 2008, Plaintiffs executed and delivered a $135,348.00 promissory note, as well as a mortgage securing the note to Wells Fargo.  (*Id.* ¶ 4; Compl. Ex. 1.)

On February 6, 2012, Donald Cady Jr. executed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ("February 6, 2012 NOP/POA"), authorizing the law firm of Shapiro & Zielke, LLP ("Shapiro") to foreclose by advertisement the Plaintiffs' mortgage; that NOP/POA was recorded with the Ramsey County Recorder on February 27, 2012.  (*Id.* ¶ 8; Compl. Ex. 2.) The February 6, 2012 NOP/POA indicates that Donald Cady Jr. executed the NOP/POA in his capacity as Wells Fargo's Vice President of Loan

Documentation.  (Compl. Ex. 2.)  Foreclosure proceedings were not consummated based on this notice.

According to Plaintiff's allegations, on April 11, 2013, Randolph W. Dawdy, as an attorney for Shapiro, executed a Notice of Pendency of Proceeding to Foreclose Mortgage ("April 11, 2013 NOP"), which was recorded with the Ramsey County Recorder.  (Compl. ¶ 10.)[2]  Plaintiffs allege that the first date of publication for the April 11, 2013 NOP was April 22, 2013.  (*Id.* ¶ 9.)

On May 29, 2013, Latice S. McVay, as Vice President of Loan Documentation for Wells Fargo, executed a Power of Attorney to Foreclose Mortgage ("May 29, 2013 POA"), again authorizing the law firm Shapiro to foreclose by advertisement the Plaintiffs' mortgage on behalf of Wells Fargo. (*Id.* ¶ 11.)  According to Plaintiff, that POA was recorded with the Ramsey County Recorder.  (*Id.*)[3]

---

[2]   Plaintiffs indicate that they have attached the April 11, 2013 NOP as Exhibit 3 to the Complaint.  (Compl. ¶ 10.)  However, the April 11, 2013 NOP is not attached as Exhibit 3 or anywhere else in the exhibits attached to the Complaint.  Wells Fargo points out that the April 11, 2013 NOP was recorded on April 15, 2013, as Document Number 4395552.  (Doc. No. 8, Def.'s Mem. in Supp. of Mot. to Dismiss 3; *id.* at Attach 2, at WF App. 1.)

[3]   Plaintiffs indicate that they have attached the May 29, 2013 POA as Exhibit 4 to the Complaint.  (Compl. ¶ 11.)  However, the May 29, 2013 POA is not attached as Exhibit 4 or anywhere else in the exhibits attached to the Complaint. Wells Fargo points out that the May 29, 2013 POA expressly states that the power of attorney was effective as of April 10, 2013, and was recorded on June 11, 2013, as Document Number 4406086.  (Doc. No. 8, Def.'s Mem. in Supp. of Mot. to Dismiss 3; *id.* at Attach 2, at WF App. 2.)

Thereafter, Shapiro, on behalf of Wells Fargo, initiated a foreclosure by advertisement, and Plaintiffs' property was sold at a sheriff's sale on July 23, 2013.  (Compl. ¶ 12; Compl. Ex. 5.)  Plaintiffs' redemption period was six months and expired on January 23, 2014.  (*See* Compl. Ex. 5.)  Plaintiffs commenced this action to invalidate the foreclosure on October 23, 2013.  (Doc. No. 1, Compl.)

Plaintiffs allege that the foreclosure on the Property was invalid because the May 29, 2013 POA was executed after the April 11, 2013 NOF and after the first date of publication, which was on April 22, 2013.  (Compl. ¶ 15.)  In addition, Plaintiffs contend that the foreclosure was invalid because "Wells Fargo Bank, N.A. was not the holder of the Note," and "was not the authorized agent of a valid note holder or note owner," and therefore "did not have the legal right to enforce the Note or exercise the power of sale clause in the Mortgage[.]"  (Compl. ¶ 12.)

## DISCUSSION

**I.     Standard of Review**

In reviewing a motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901

F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 545. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**II.   Analysis**

**A. Quiet Title**

Plaintiffs bring a quiet-title claim to determine adverse claims under Minn. Stat. § 559.01. Minnesota's quiet-title statute provides that "[a]ny person in possession of real property . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the

parties, respectively." Minn. Stat. § 559.01.

Plaintiffs assert that it is Wells Fargo's burden to "prove its alleged adverse interest in the Property[.]" (Compl. ¶ 25.) However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiffs] must plead facts that support [their] quiet title claim sufficient to satisfy federal pleading standards." *Ko v. Mortg. Elec. Registration Sys.*, Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). This requires that a complaint "plead adequate facts to establish a plausible 'claim that the Defendants' adverse claims are invalid.'" *Gharwal v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

### 1. Unclean Hands

Plaintiffs' claim for a determination of adverse claims must be dismissed because Plaintiffs come to this Court with unclean hands. In Minnesota, "[a]ctions to quiet title and to determine adverse claims are equitable actions." *E.g.*, *Haubrich v. U.S. Bank Nat'l Ass'n*, No. 12-565 (DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012), *aff'd*, 720 F.3d 979 (8th Cir. 2013). "A plaintiff who seeks equity must come into court with clean hands." *Id.* (finding dismissal of quiet-title claims warranted based on plaintiffs' default status) (citations omitted).

Plaintiffs defaulted on the mortgage loan by failing to make promised payments, eventually leading to the foreclosure they now challenge after the sheriff's sale of the property and the expiration of the redemption period. Plaintiffs "seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands." *Stilp v. HSBC Bank USA, N.A.*, No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013), *aff'd*, 539 F. App'x 694 (8th Cir. 2013); *see also* *Haubrich*, 2012 WL 3612023, at *3; *Novak v. JP Morgan Chase Bank, N.A.*, No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012), *aff'd*, 518 F. App'x 498 (8th Cir. 2013) ("Plaintiffs now live in the houses without making payment, and they seek to declare their mortgages invalid after defaulting. In short, plaintiffs seek equitable relief from an outcome of their own creation."); *Butler v. Fed. Nat. Mortg. Ass'n*, No. 12-2697 (SRN/TNL), 2013 WL 2145701, at *7 (D. Minn. May 15, 2013); *Yang Mee Thao-Xiong v. Am. Mortg. Corp.*, No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013). Thus, Plaintiffs cannot state an equitable quiet-title claim.

### 2. No Plausible Claim that Foreclosure Should be Invalidated

Even if Plaintiffs' quiet-title claim was not barred by Plaintiffs' unclean hands, it should be dismissed because Plaintiffs have no plausible claim that the foreclosure should be invalidated. "To state a quiet-title claim, a plaintiff must state facts sufficient to allow the court to draw the reasonable inference that he or she is in possession of property and that a defendant claims a right or title to

7

the property *but has no such right or title.*"  *Haubrich*, 2012 WL 3612023, at *3 (emphasis added).  Here, Wells Fargo was the successful bidder at the sheriff's sale of Plaintiffs' property.  And "because [Plaintiffs] did not redeem the property within the six-month period provided by Minnesota law, the sheriff's certificate of sale is 'evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns.'"  *Butler*, 2013 WL 2145701, at *4 (quoting Minn. Stat. § 580.19).  "Therefore, the sheriff's sale and the expiration of the redemption period operates to give [Wells Fargo] title in fee to the property[.]"  *Id.* (citing *Karnatcheva*, 704 F.3d at 548).  As in many similar cases brought in this District, Plaintiffs have come forward with no evidence that this title is invalid.  *See, e.g.*, *id.*  Thus, the Court should dismiss the quiet-title claim.  *See id.*

Moreover, even if Plaintiffs were in a position to now invalidate the foreclosure and to take title to the property from Wells Fargo, they have not set forth a plausible claim that the foreclosure should be invalidated.  Plaintiffs challenge the validity of the foreclosure by asserting "Wells Fargo Bank, N.A. was not the holder of the Note," and "was not the authorized agent of a valid note holder or note owner," and therefore "did not have the legal right to enforce the Note or exercise the power of sale clause in the Mortgage[.]"  (Compl. ¶ 12.)  The Court rejects this claim because it is based on the discredited show-me-the-note theory."  *See, e.g.*, *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1257 (8th Cir. 2013).

Plaintiffs also challenge the validity of the foreclosure based on the fact that there was a Power of Attorney (i.e., the May 29, 2013 POA) that was executed after the April 11, 2013 Notice of Foreclosure Sale and after the first date of publication, which was on April 22, 2013.  (Compl. ¶ 15.)[4]  But the recording of the Power of Attorney, not the execution, is what is relevant.  And contrary to Plaintiffs' contentions, Wells Fargo did comply with the requirements of Minn. Stat. § 580.05 with regard to the recording of the Power of Attorney. Minn. Stat. § 580.05 states:

> When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, *and recorded prior to the sale* in the county where the foreclosure proceedings are had. If such attorney by employed on behalf of such mortgagee or assignee by an attorney in fact, the attorney's authority shall likewise be evidenced by recorded power.

Minn. Stat. § 580.05 (emphasis added).

---

[4]  The Complaint contains a third possible basis for alleging that the foreclosure was invalid – namely, that Plaintiffs "specifically deny that any named Defendant or its predecessors in interest has or had a legal right to declare a default on the Note." (Compl. ¶ 5.)  Plaintiffs also allege that Wells Fargo cannot prove a default and that Plaintiffs never borrowed money from Wells Fargo. (Compl. ¶ 5.) These allegations are mere legal conclusions of the type that the Court is not required to credit, or they are irrelevant.  Notably, Plaintiffs do not allege that they are not in default—in fact, they conspicuously fail to allege that they made the payments that they were required to make under the note—and they do not allege any other factual basis for their allegations that Wells Fargo cannot prove a default and lacks the legal right to declare a default.  Further, Plaintiffs did not mention these allegations in their briefing in response to Wells Fargo's motion to dismiss.  The Court therefore need not address them further. *See Gharwal*, 2013 WL 4838904, at *3 n.7.

On February 6, 2012, a power-of-attorney form from Wells Fargo to Shapiro, authorizing it to foreclose by advertisement the Plaintiffs' mortgage, was executed, which was recorded with the Ramsey County Recorder on February 27, 2012. (Compl. ¶ 8; Compl. Ex. 2.) Thereafter, on May 29, 2013, Latice S. McVay, as Vice President of Loan Documentation for Wells Fargo, executed a Power of Attorney to Foreclose Mortgage, again authorizing the law firm Shapiro to foreclose by advertisement the Plaintiffs' mortgage on behalf of Wells Fargo. That Power of Attorney was recorded with the Ramsey County Recorder on June 11, 2013. (Compl. ¶ 11; Doc. No. 8, Def.'s Mem. in Supp. of Mot. to Dismiss 3; *id.* at Attach 2, at WF App. 2.) The foreclosure sale on the Property occurred on July 23, 2013. (Compl. ¶ 12; Compl. Ex. 5.) As such, both Power of Attorneys to foreclose the mortgage were recorded prior to the sale of the Property at the Sheriff's Sale, as required by Minn. Stat. § 580.05.[5] *See Smith v. Wells Fargo Bank, N.A.*, No. 13-439 (SRN/TNL), 2013 WL 5720150, at *3 (D. Minn. Oct. 21, 2013) ("Plaintiff claims that no valid power of attorney existed when the law firm of Shapiro & Zielke, LLP, created the Notice of Sale and caused it to be published, because the Power of Attorney was executed after the date of the Notice of Sale and after the date of the first publication of the Notice of Sale. However, the relevant statute does not dictate when the power of

---

[5]   Because both Power of Attorneys were recorded prior to the sale, the Court need not determine whether the first Power of Attorney was operative or not.

attorney must be executed. Rather, it requires only that the power of attorney be recorded prior to the foreclosure sale. Here, the Power of Attorney was recorded on April 26, 2012, and the property was sold at a foreclosure sale on August 7, 2012. Thus, Defendant complied with the statutory requirements.").

Based on all of the above reasons, this Court recommends dismissal of Plaintiffs' quiet-title claim.

### B. Slander of Title

Plaintiffs assert a slander-of-title claim against Wells Fargo in Count 3. A slander-of-title claim requires that (1) a defendant made a false statement; (2) then published that false statement to others; (3) defendant maliciously published the statement; and (4) the publication caused plaintiffs a pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000). Plaintiffs allege that Wells Fargo drafted and recorded documents that "are false and invalid" and that Wells Fargo "knew or should have known that the documents were false." (Compl. ¶ 31.)

Plaintiffs have not adequately pleaded the elements of a slander-of-title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (stating that Rule 9(b) applies to slander-of-title claims). Plaintiffs were required to make specific factual allegations regarding the circumstances of any alleged false statement. *See id.* But Plaintiffs' Complaint is void of any facts from which this Court could infer that Wells Fargo

11

made any false statement or acted with malice. Plaintiffs have also failed to plead any facts indicating that they relied on any alleged misrepresentation. *See Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 994 (D. Minn. 2012). Thus, Plaintiff has failed to state a slander-of-title claim that is plausible on its face, and dismissal is appropriate. *See Lara v. Fed. Nat'l Mortg. Ass'n*, No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013; *Pope v. Fed. Home Loan Mortg. Corp.*, No. 12-3094 (SRN/JJG), 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); *Haubrich*, 2012 WL 3612023, at *6.

### C. Declaratory Judgment

The basis for the declaratory judgment claim is unclear but it appears to be based on the same allegations as the failed quiet-title claim. Therefore, for the same reasons stated above, the declaratory judgment claim, Count 2, must fail. *See Lara*, 2013 WL 3088728, at *3. "A claim for declaratory judgment must be supported by a substantive legal right." *Id.* (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Wells Fargo's Motion to Dismiss (Doc. No. 6), be **GRANTED**; and

2. This case be **DISMISSED WITH PREJUDICE**.

Date: February 18, 2014

                          *s/ Jeffrey J. Keyes*
                          JEFFREY J. KEYES
                          United States Magistrate Judge

       Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 10, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.